**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:          -CV-**

MIRTHA HERNANDEZ,

    Plaintiff,

v.

AMERICA'S BEST TILE
INSTALLATION, INC.

    Defendant.

_____/

**COMPLAINT**

COMES NOW the Plaintiff, MIRTHA HERNANDEZ, (hereafter "Plaintiff), by and through undersigned counsel, hereby files this Complaint and sues Defendant, AMERICA'S BEST TILE INSTALLATION, INC. (hereafter "Defendant"), and in support thereof states as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This is an action by the Plaintiff for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or cost for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter is in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and Section 760.10 of the Florida Statutes to redress injury done to the Plaintiff by the Defendant for discriminatory treatment on the basis of gender, found on Plaintiff's complaints of discrimination in the workplace.

2. Plaintiff is a resident of Broward County, Florida, and Defendant is situated in Broward County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Broward County, Florida

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Plaintiff is a female former employee of the Defendant and is a member of a class of persons protected from discrimination in her employment.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS**

11. On or about March of 2019, Plaintiff began her employment with the Defendant as a installation assistant.

12. On or about July 11, 2019, Plaintiff was installing tiles in a home while working for Defendant.

13. After Plaintiff completed her work, Plaintiff received a call from Jose Ramos, Vice President of Defendant, who informed Plaintiff that the owner of the home where Plaintiff was working, Jessica Salvatierra, called him in regards to Plaintiff's employment.

14. Ms. Salvatierra told Mr. Ramos that she had never seen a women working in the construction business before and that a reliable company should not hire women to work in construction.

15. Thereafter, Mr. Ramos spoke with Felipe Colon, President of Defendant, regarding Ms. Salvatierra's comment about women in the construction workplace.

16. Defendant terminated Plaintiff's employment with Defendant because of Plaintiff's gender, female.

17. Plaintiff was the only female employee for Defendant.

18. Plaintiff never received a warning or a disciplinary action while employed by Defendant.

19. Plaintiff was qualified for her position as an installation assistant.

20. Defendant's terminated Plaintiff's employment simply for being a woman in the construction field after receiving a negative comment from a customer based on Plaintiff's sex/gender.

21. Male employees were not subjected to the same treatment as Plaintiff.

22. Plaintiff was at a disadvantage from her male employees.

23. On or about July 11, 2019, Plaintiff was terminated by Defendant.

24. On or about July 18, 2019, Plaintiff filed a complaint with the Florida Commission on Human Relations.

25. On or about February 25, 2021, the U.S. Equal Employment Opportunity Commission issued a "Notice of Suit Rights" to Plaintiff.

26. Plaintiff has suffered damages from the conduct of Maria Rodriguez, the Defendant, and their agents.

## COUNT I
## SEX/GENDER DISCRIMINATION UNDER TITLE VII

27. Plaintiff reasserts her allegations in paragraph 1-26 as fully set forth herein.

28. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)   It shall be an unlawful employment practice for an employer:

    (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

29. Title VII accordingly prohibits discrimination based on sex.

30. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

31. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

32. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and

advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

33. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

34. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

35. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## SEX/GENDER DISCRIMINATION UNDER FCRA

36. Plaintiff reasserts her allegations in paragraphs 1-26 as fully set forth herein.

37. Section 760.10 of the FCRA states in relevant part

(1) It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, national origin, age, handicap, or marital status."

38. The FCRA accordingly prohibits discrimination based on sex.

39. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which female individuals were not and would not have been subjected, in violation of the FCRA.

40. Defendant's alleged bases for its adverse conduct against the Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

41. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors of Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

42. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

43. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

44. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

### **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully submitted

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223